UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARISSA COTTON,

     Plaintiff,

v.

ADRIAN COLLEGE, ADRIAN COLLEGE     Case No. 22-cv-10358
PRESIDENT and BOARD OF TRUSTEES,    Hon. Stephanie Dawkins Davis
KATHY MORRIS, in her official and
individual capacity, KATHERINE
CRAWFORD, in her individual capacity,

     Defendants.

_____/

| | |
|---|---|
| Rodney Williams (P47888) | Alex L. Alexopoulos (P40547) |
| Attorney for Plaintiff | Starr, Butler, Alexopoulos & Stoner, PLLC |
| 615 Griswold Street, Ste. 700 | Attorneys for Defendants Adrian College, |
| Detroit, MI 48226 | Docking, the Board and Coach Morris |
| (313) 309-7852 | 20700 Civic Center Dr., Ste. 290 |
| attorneyrodneywilliams@gmail.com | Southfield, MI 48076 |
| | (248) 864-4931 |
| | ala@starrbutler.com |

_____/

## **DEFENDANTS' MOTION TO DISMISS**

     Defendants Adrian College, President Jeffrey Docking ("Docking"), Adrian

College Board of Trustees (the "Board") and Kathy Morris ("Coach Morris")

(collectively "Defendants"), through their undersigned counsel, state as follows in

support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6):

1.     On January 5, 2017, Plaintiff Marissa Cotton ("Plaintiff") filed a complaint with the United States Department of Education Office of Civil Rights ("OCR") alleging that she had been released from the Adrian College Women's basketball team based on her race.

2.     On February 20, 2017, Plaintiff filed a second complaint with the OCR claiming that she had been retaliated against for filing her OCR complaint on January 5, 2017.

3.     In spite of this undisputed evidence showing that Plaintiff knew in January and February 2017 that she had allegedly been discriminated against based on her race when she was removed from the Women's basketball team in December 2016 and retaliated against for filing her initial OCR complaint, she waited until February 17, 2022 (almost five years to the day after she filed her second OCR complaint) to file this lawsuit against Defendants and Katherine Crawford alleging that they discriminated against her based on her race and retaliated against her in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d ("Title VI") (ECF No. 1, PageID.1-38).

4.     The dismissal of Plaintiffs Title VI claims is warranted pursuant to Fed. R. Civ. P. 12(b)(6) because they are barred by the applicable three year statute of limitations under Title VI.

5.      Plaintiff's Fraudulent Concealment count (Counts IV) must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted and/or excuses Plaintiff's failure to file this lawsuit within the applicable three year statute of limitations period.

6.      The undersigned counsel sought concurrence from Plaintiff's counsel for the relief sought in this Motion, but the same was not provided, thereby necessitating the filing of this Motion.

7.      Defendants' Motion is supported by the attached brief and exhibits.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint in its entirety and award Defendants costs, attorney fees and such other relief as this Court deems just and equitable.

Respectfully submitted,

STARR, BUTLER, ALEXOPOULOS & STONER, PLLC

By: /s/ Alex L. Alexopoulos
    Alex L. Alexopoulos (P40547)
    Attorneys for Defendants Adrian College, Docking,
    the Board and Coach Morris
    20700 Civic Center Drive, Suite 290
    Southfield, Michigan 48076
    (248) 864-4931
    ala@starrbutler.com

Dated: April 12, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARISSA COTTON,

     Plaintiff,

v.

ADRIAN COLLEGE, ADRIAN COLLEGE     Case No. 22-cv-10358
PRESIDENT and BOARD OF TRUSTEES,     Hon. Stephanie Dawkins Davis
KATHY MORRIS, in her official and
individual capacity, KATHERINE
CRAWFORD, in her individual capacity,

     Defendants.

                                /

| | |
|---|---|
| Rodney Williams (P47888) | Alex L. Alexopoulos (P40547) |
| Attorney for Plaintiff | Starr, Butler, Alexopoulos & Stoner, PLLC |
| 615 Griswold Street, Ste. 700 | Attorneys for Defendants Adrian College, |
| Detroit, MI 48226 | Jeffrey Docking, Adrian College Board of |
| (313) 309-7852 | Trustees and Kathy Morris |
| attorneyrodneywilliams@gmail.com | 20700 Civic Center Dr., Ste. 290 |
| | Southfield, MI 48076 |
| | (248) 864-4931 |
| | ala@starrbutler.com |

                                /

## BRIEF IN SUPPORT OF
## <u>DEFENDANTS' MOTION TO DISMISS</u>

Alex L. Alexopoulos (P40547)
Starr, Butler, Alexopoulos & Stoner, PLLC
Attorneys for Defendants Adrian College, Docking,
the Board and Coach Morris
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
(248) 864-493 l
ala@starrbutler.com

# **TABLE OF CONTENTS**

TABLE OF CONTENTS............................................................................i

INDEX OF AUTHORITIES.................................................................. ii

STATEMENT OF ISSUES PRESENTED...............................................iv

I.      INTRODUCTION ..........................................................................1

II.     STATEMENT OF FACTS ..............................................................2

        A.      Plaintiff's Knowledge of the Existence of Her Causes of Action ........2

III.    STANDARD OF REVIEW.............................................................3

IV.     LAW AND ARGUMENT ...............................................................5

        A.      Plaintiffs Title VI Claims Are Barred by the Applicable Statute of Limitations .......................................................................5

        B.      The Dismissal of Plaintiff's Fraudulent Concealment Claim Is Also Warranted Because It Fails to State a Claim Against Defendants upon Which Relief Can Be Granted ...................................7

CONCLUSION ...................................................................................14

## <u>INDEX OF AUTHORITIES</u>

**<u>Legal Decision</u>**

*Amini v. Oberlin,*
259 F.3d 493, 502 (6th Cir. 2001)...................................................................5

*Anderson v. Bd. of Educ. of Fayette Cty.,*
616 F. Supp. 2d 662,671 (E.D. Ky. 2009) ....................................................8

*Ashcroft v. Iqbal,*
556 U.S. 662; 129 S. Ct. 1937, 1949 (2009)...............................................4

*Bell v. Ohio State Univ.,*
351 F.3d 240, 247 (6th Cir. 2003)..............................................................6

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544, 557; I 27 S. Ct. 1955 (2007) ...............................................4

*Browning v. Levy,*
283 F.3d 761, 770 (6th Cir. 2002)............................................................10

*Campbell v. Upjohn Co.,*
676 F.2d 1122, 1126 (6th Cir. 1982)..........................................................8

*Cannon v. Univ. of Chicago,*
44 l U.S. 677, 706-08 n. 41 (1979) ..........................................................12

*Castillo v. Grogan,*
52 F. App'x 750, 751 (6th Cir. 2002) ........................................................6

*Caulker v. Michigan State Univ.,*
2009 WL 3644778, at *8 (W.D. Mich. Nov. 2, 2009)................................6

*Dayco Corp. v. Goodyear Tire & Rubber Co.,*
523 F.2d 389, 394 (6th Cir. 1975)..............................................................8

*Delaware State College v. Ricks,*
449 U.S. 250, 261; 101 S. Ct. 498 (1980)................................................13

*Doe v. Roman Cath. Archbishop of Archdiocese of Detroit*,
264 Mich. App. 632; 692 N.W.2d 398 (2004)..........................................................11

*Erve v. Henry Ford Cmty. Coll.*,
2014 WL 4705309, at *5 (E.D. Mich. Sept 22, 2014)...............................................6

*Gilley v. Dunaway*,
572 Fed. Appx. 303, 308 (6th Cir. 2014).................................................................9

*Greenberg v. Life Ins. Co. of Va.*,
177 F.3d 507, 514 (6th Cir. 1999) .......................................................................2, 5

*Guar. Tr. Co. of New York v. United States*,
304 U.S. 126, 136; 58 S. Ct. 785, 790 (1938).........................................................6

*Hamilton Cnty. Bd. of Comm'rs v. Nat'l Football League*,
491 F.3d 310, 319 (6th Cir. 2007).........................................................................10

*Hirshon v. King & Spotting*,
467 U.S. 69, 73; 104 S. Ct. 2229 (1984).................................................................5

*Hunter v. Sec'y of U.S. Army*,
565 F.3d 986, 992 (6th Cir. 2009)..........................................................................4

*Johnson v. Railway Express Agency, Inc.*,
421 U.S. 454, 460- 61; 95 S. Ct. 1716 (1975) ......................................................13

*Jones v. City of Cincinnati*,
521 F.3d 555, 559 (6th Cir. 2008)..........................................................................4

*Kuhnle Bros., Inc. v. County of Geauga*,
103 F.3d 516,520 (6th Cir. 1997) ..........................................................................6

*Lemson v. Gen. Motors Corp.*,
66 Mich.App. 94, 97, 238 N.W.2d 414 (1975).....................................................12

*Lillard v. Shelby County Bd. of Educ.*,
76 F.3d 716, 729 (6th Cir. 1996).........................................................................5, 6

*Neighborhood Action Coalition v. City of Canton*,
882 F.2d 1012, 1015, (6th Cir. 1989) ........................................................12

*Pace v. DiGuglielmo*,
544 U.S. 408, 418; 125 S. Ct. 1807 (2005)..........................................13

*Pinney Dock & Transp. Co. v. Penn Cent. Corp.*,
838 F.2d 1445, 1467 (6th Cir.), cert. denied, 488 U.S. 880; 109 S. Ct. 196
(1988) .......................................................................................................11

*Stradley v. Corizon Health Care Provider,*
2017 WL 2874740 (E.D. Mich. July 6, 2017) ...........................................7

*Tellabs, Inc. v. Makar Issues & Rights, Ltd.,*
551 U.S. 308; 127 S. Ct. 2499, 2509 (2007)..............................................5

*United States v. Oregon Lumber Co.,*
5 260 U.S. 290, 299; 43 S. Ct. 100, 102-03 (1922) ....................................6

*Weiner v. Klais & Co.,*
108 F.3d 86, 89 (6th Cir. 1997)..................................................................2

*Wood v. Carpenter,*
101 U.S. (11 Otto) 135, 143 (1879) .........................................................11

## **Statutory Authorities**

M.C.L. § 600.5805 ............................................................................. 6-7

42 U.S.C. §2000d......................................................................................1

## **Federal Rules**

Fed. R. Civ. P. 9(b) ...................................................................................8

Fed. R. Civ. P. 12(b)(6)................................................................. 2-5, 7, 14

## STATEMENT OF ISSUES PRESENTED

A.    Whether Plaintiff's Claims Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d ("Title VI") Are Barred by the Statute of Limitations Applicable to All Claims Brought in Michigan under Title VI.

        Defendants state "Yes."

B.    Whether the Dismissal of Plaintiff's Fraudulent Concealment Claim Is Also Warranted Because it Fails to State a Claim upon Which Relief Can Be Granted and/or Excuses Plaintiff's Admitted Failure to File this Lawsuit Within the Applicable Statute of Limitations Period for All Claims Brought in Michigan under Title VI.

        Defendants state "Yes."

## I.   __INTRODUCTION__

Over five years after Plaintiff Marissa Cotton ("Plaintiff") was removed from Defendant Adrian College's Women's basketball team, she filed this lawsuit against Defendants Adrian College, President Jeffrey Docking ("Docking"), Adrian College Board of Trustees (the "Board"), Kathy Morris ("Coach Morris") (collectively "Defendants") and Katherine Crawford ("Crawford") alleging that her removal was based on her race and that she was retaliated against in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d ("Title VI"). However, the dismissal of Plaintiff's Title VI claims is warranted because they are barred by the three year statute of limitations applicable to all claims brought in Michigan under Title VI.

Plaintiff attempts to overcome her admitted failure to file this lawsuit within the applicable statute of limitations period by claiming in Count IV of her Complaint that Defendants somehow fraudulently concealed from her the existence of her Title VI claims. Plaintiff's attempt to do so must fail because Count IV fails to state a claim upon which relief can be granted and/or excuses her failure to file this lawsuit within the applicable three year statute of limitations period. As is evidenced by the undisputed fact that Plaintiff filed a complaint with the United States Department of Education Office of Civil Rights ("OCR") on January 5, 2017 alleging that she had been released from the Adrian College Women's basketball team based on her race and a second OCR complaint on February 20, 2017 alleging that she had been

retaliated against for filing her first OCR complaint, Plaintiff knew of the existence of her Title VI race and retaliation claims over five years before she filed this lawsuit. Plaintiff's Complaint must therefore be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   STATEMENT OF FACTS

### A.   Plaintiff's Knowledge of the Existence of Her Causes of Action

Plaintiff is a Black female who was a student of Adrian College and a member of its Women's basketball team (Plt's Compl. ¶ 1; ECF No. 1, PageID.2). On December 6, 2016, Coach Morris removed Plaintiff from the basketball team, which removal allegedly singled her out and treated her differently than her white teammates (Plt's Compl. ¶¶ 27, 36; ECF No. 1, PageID.7-8). After Plaintiff unsuccessfully attempted to persuade Adrian College to reinstate her to the team, she filed a complaint with the OCR on January 5, 2017 alleging that she was removed from the basketball team based on her race (Ex 1; Plt's Compl. ¶ 47; ECF No. 1, PageID. 10).[1]

---

[1] Although it is generally improper to consider matters outside of the pleadings on a motion to dismiss, that rule does not apply to documents referenced by the pleadings themselves that are central to the plaintiff's claim. *Greenberg v Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999), In such cases, " 'the defendant may submit an authentic copy [of the referenced document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment.' " *Ibid*. (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)).

After Crawford sought a personal protection order ("PPO") against Plaintiff, Plaintiff was issued a Notice of No-Contact which prohibited her from having any contact with Crawford (Plt's Compl. ¶¶ 52-53; ECF No. 1, PageID.11-12). Because Plaintiff believed that the Notice of No-Contact was issued to retaliate against her for filing her original OCR complaint, she filed a second OCR complaint on February 20, 2017 alleging that she was retaliated against for filing her original OCR complaint (Ex 1; Plt's Compl. ¶¶ 69-70; ECF No. 1, PageID. l6).  Plaintiff then waited until February 17, 2022 (over five years after she was removed from the basketball team) to file her lawsuit alleging that Defendants discriminated against her based on her race and retaliated against her in violation of Title VI (ECF No. 1, PageID.1-38).

In Count IV of her Complaint, Plaintiff alleges that Defendants somehow fraudulently concealed the existence of her claims from her (Plt's Compl. ¶¶ 140-149; ECF No. 1, PageID.31-36). However, Plaintiff never attempts to explain how Defendants could possibly conceal claims from her that she had already asserted in her OCR complaints that were filed on January 5, 2017 and February 20, 2017. *Id*. For the reasons set forth below, Defendants now seek the dismissal of Plaintiff's Complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6).

### III.   <u>STANDARD OF REVIEW</u>

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court

must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff," but the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986,992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557; 127 S. Ct. 1955 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard is not a "probability requirement," but it does require "more than a sheer possibility that a defendant has

acted unlawfully." *Id*. Dismissal of a complaint is warranted under Fed. R. Civ. P.

12(b)(6) "if it is clear that no relief could be granted under any set of facts that could

be proved consistent with the allegations." *Hirshon v. King & Spotting*, 467 U.S.

69, 73; 104 S. Ct. 2229 (1984).

In ruling on a motion to dismiss, the Court may consider the complaint as well

as (1) documents referenced in the pleadings and central to the plaintiff's claims, (2)

matters of which a court may properly take notice, and (3) public documents.

*Tellabs, Inc. v. Makar Issues & Rights, Ltd*., 551 U.S. 308; 127 S. Ct. 2499, 2509

(2007); *Amini v. Oberlin*, 259 F.3d 493, 502 (6th Cir. 2001). The Court's

consideration of these documents does not require conversion of the motion to one

for summary judgment. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507,514 (6th Cir.

1999).

## IV.    LAW AND ARGUMENT

### A.    Plaintiff's Title VI Claims Are Barred by the Applicable Statute of Limitations

Title VI provides: "No person in the United States shall, on the ground of race,

color, or national origin, be excluded from participation in, be denied the benefits

of, or be subjected to discrimination under any program or activity receiving Federal

financial assistance." Title VI does not have its own statute-of-limitations period;

instead, it borrows the state's personal injury limitations period. See *Lillard v. Shelby

County Bd. of Educ*., 76 F.3d 716, 729 (6th Cir. 1996) ("all of the circuits deciding

the issue have uniformly applied the state personal injury limitations period.").

"In Michigan, the statute of limitations for claims arising under Title VI and 42 U.S.C. § 1983 is three years." *Caulker v. Michigan State Univ.*, 2009 WL 3644778, at *8 (W.D. Mich. Nov. 2, 2009) (Ex 2), (citing *Lillard, supra*, 76 F.3d at 729); *Erve v. Henry Ford Cmty. Coll.*, 2014 WL4705309, at *5 (E.D. Mich. Sept 22, 2014) (Ex 3), ("Michigan's three-year statute of limitations for personal injury actions govern claims brought under Title VI.") See also M.C.L. § 600.5805, ("the period of limitation is 3 years after the time of death or injury for an action to recover damages for the death of a person, or for injury to a person or property.").

While a federal court is required to calculate the statute of limitations for a civil rights claim according to state personal injury law, federal law determines when the time begins to run. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). "Ordinarily, the limitations period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. (internal citations omitted).

It is well settled under federal law that a defense of the statute of limitations is not a technical defense, but substantial and meritorious. *Guar. Tr. Co. of New York v. United States*, 304 U.S. 126, 136; 58 S. Ct. 785, 790 (1938); *United States v. Oregon Lumber Co.*, 260 U.S. 290, 299; 43 S. Ct. 100, 102-03 (1922); *Castillo v.*

*Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint as frivolous is appropriate.").

In this case, Plaintiff knew of her race discrimination claim under Title VI on the date she was removed from the basketball team, i.e. December 6, 2016. (Ex 1; Plt's Compl. ¶¶ 27, 36, 47; ECF No. 1, PageID.7-8, 10).   The clock therefore began to run on her race discrimination claim on December 6, 2016. However, Plaintiff did not file this lawsuit until February 17, 2022, over five years later. Similarly, Plaintiff knew of her retaliation claim on the date she received the Notice of No-Contact letter, i.e. February 15, 2017 (Ex 1; Plt's Compl. ¶¶ 52-53, 69-70; ECF No. 1, PageID.11-12, 16). The clock therefore began to run on her retaliation claim on February 15, 2017. However, Plaintiff did not file this lawsuit until February 17, 2022, over five years later. Because Plaintiff waited over five years after the date she claims Defendants discriminated against her based on her race and retaliated against her for filing her initial OCR complaint, her Title VI claims are barred by the applicable three year statute of limitations set forth in MCL § 600.5805(2). The dismissal of these claims is therefore warranted pursuant to Fed. R. Civ. P. 12(b)(6).

**B.     The Dismissal of Plaintiff's Fraudulent Concealment Claim Is Also Warranted Because It Fails to State a Claim Against Defendants upon Which Relief Can Be Granted**

In *Stradley v. Corizon Health Care Provider*, 2017 WL 2874740 (E.D. Mich.

July 6, 2017) (Ex 4), the plaintiff attempted to avoid the applicable statute of limitations by accusing the defendants of fraudulent concealment. This Court held that the following standard governs claims for determining whether a party has fraudulently concealed a cause of action:

> In some situations, fraudulent concealment of a cause of action can justify tolling of the statute of limitations. The following standard governs claims that a party has fraudulently concealed a cause of action:
>
>> Under F.R.Civ.P. 9(b), the party alleging fraudulent concealment must plead the circumstances giving rise to it with particularity. Three elements must be pleaded in order to establish fraudulent concealment: (1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.
>
> *Campbell v. Upjohn Co.*, 676 F.2d 1122, 1126 (6th Cir. 1982) (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co*., 523 F.2d 389, 394 (6th Cir. 1975)). Tolling is not appropriate if the plaintiffs are "aware of facts that should have aroused their suspicion of the claims." *Anderson v. Bd. of Educ. of Fayette Cty*., 616 F. Supp. 2d 662,671 (E.D. Ky. 2009).

2017 WL 2874740, at *3-4 (emphasis added).

After reviewing the evidence the plaintiff presented in *Stradley* and finding it to be insufficient, the Court held as follows:

> Stradley has not carried his burden here. The operative facts which form the basis of his claim against the individual Defendants is their refusal to transport him to the Detroit Medical Center or otherwise investigate his complaints. Stradley's amended complaint makes clear that Stradley repeatedly and clearly communicated to the doctors that he had

suffered serious injury and was in significant pain. He faults them for not responding appropriately. Years later, Stradley discovered the details of his injuries, but Stradley's claim is premised on the inaction of medical staff in response to his complaints, not the specific injury he sustained. Thus, ***Stradley was aware of all operative facts at the time they occurred: he knew that he had been injured and was in pain, he knew that he asked for medical treatment, and he knew that it was refused. Even if, as Stradley alleges, the MDOC medical staff concealed the details of his injury, he knew all facts necessary to bring a claim for deliberate indifference on August 2, 2012.*** Even accepting all of Stradley's factual allegations as true, he is not entitled to equitable tolling based on a fraudulent concealment theory. See *Gilley v. Dunaway*, 572 Fed. Appx. 303, 308 (6th Cir. 2014) (rejecting a fraudulent concealment theory because the plaintiffs relationship with her abuser "should have aroused her suspicion that she was being sexually abused").

2017 WL 2874740, at *4 (emphasis added).

In this case, Plaintiff knew all of the operative facts necessary for her to bring a claim of race discrimination under Title VI by the latest on January 5, 2017, the date she filed her initial OCR complaint alleging race discrimination (Ex 1). As is evident from the OCR complaint itself, Plaintiff knew she had been removed from the women basketball team on December 6, 2016 and believed that her race was the reason she was removed. *Id*. Thus, the facts and circumstances surrounding her removal not only "aroused her suspicion" that she had been discriminated against based on her race, it caused her to actually file a complaint with the OCR claiming that her race was the reason she was removed from the Women's basketball team.

Similarly, Plaintiff knew all of the operative facts necessary for her to bring a retaliation claim under Title VI by the latest on February 20, 2017, the date she filed

her second OCR complaint (Ex 1). As is evident from the OCR complaint itself, Plaintiff knew she had filed her initial OCR complaint on January 5, 2017 and received a Notice of No-Contact on February 15, 2017. Again, the facts and circumstances surrounding the issuance of this Notice of No-Contact not only "aroused her suspicion" that it had been issued in retaliation for her having filed her initial OCR complaint, it caused her to actually file a complaint with the OCR claiming that the Notice of No-Contact was issued to her in retaliation for her having filed her initial OCR complaint alleging that she had been discriminated against based on her race.

Moreover, Plaintiff's claim that Defendants fraudulently concealed information from her by remaining silent about certain information cannot give rise to viable claim of fraudulent concealment.[2] With regard to the "wrongful concealment" element, a plaintiff must point to "affirmative acts of concealment." *Hamilton Cnty. Bd. of Comm'rs v. Nat'l Football League*, 491 F.3d 310, 319 (6th Cir. 2007). "[M]ere silence or unwillingness to divulge wrongful activities is not sufficient." *Browning v. Levy*, 283 F.3d 761, 770 (6th Cir. 2002). Instead, there must be some " 'trick or contrivance intended to exclude suspicion and prevent inquiry.' " *Pinney Dock & Transp. Co. v. Penn Cent. Corp*., 838 F.2d 1445, 1467 (6th Cir.),

---

[2] (Plt's Compl. ¶ 143, ECF No. 1, PageID.31-32).

*cert. denied*, 488 U.S. 880; 109 S. Ct. 196 (1988) (quoting *Wood v. Carpenter*, 101 U.S. (11 Otto) 135, 143 (1879)). Plaintiff's claim that Defendants failed to share information with her that she later learned from the OCR investigator is therefore insufficient to satisfy her burden of establishing that Defendants fraudulently concealed her claims.

Similarly, Plaintiffs claim that she learned additional information related to her race and retaliation claims after she filed her OCR complaints cannot give rise to a viable fraudulent concealment claim.[3] In *Doe v. Roman Cath. Archbishop of Archdiocese of Detroit*, 264 Mich. App. 632; 692 N.W.2d 398 (2004), the Michigan Court of Appeals held that it is not necessary for a plaintiff to know every fact that could be asserted in support of his/her cause of action:

> For a cause of action to accrue, the entire theory of the case need not be apparent, nor is certitude required:
>
> > " 'The fraudulent concealment which will postpone the operation of the statute **must be the concealment of the fact that plaintiff has a cause of action.** If there is a known cause of action there can be no fraudulent concealment which will interfere with the operation of the statute, and in this behalf a party will be held to know what he ought to know, pursuant to the rule hereinbefore stated (i.e., by the exercise of ordinary diligence).
> >
> > " '***It is not necessary that a party should know the details of the evidence by which to establish his cause of action. It is enough that he knows that a cause of action exists***

---

[3] (Plt's Compl. ¶ 147, ECF No. 1, PageID.35).

> *in his favor, and when he has this knowledge, it is his*
> *own fault if he does not avail himself of those means*
> *which the law provides for prosecuting or preserving his*
> *claim*.' "[*Lemson v. Gen. Motors Corp*., 66 Mich.App. 94,
> 97,238 N.W.2d 414 (1975), quoting *Weast*, supra at 539,
> 262 N.W. 401.

264 Mich. App. at 646-47 (emphasis added). Plaintiff's failure to timely file her

known Title VI claims therefore bars these claims as a matter of law.

Likewise, Plaintiff's claim that Defendants attempted to mislead the OCR

investigator in order to prolong the investigation beyond the statute of limitations

period cannot establish a fraudulent concealment claim.[4]   First, a plaintiff is not

required to exhaust her administrative remedies before bringing an action under Title

VI. See *Neighborhood Action Coalition v. City of Canton*, 882 F.2d 1012, 1015, (6th

Cir. 1989) (" '[W]e are not persuaded that individual suits are inappropriate in

advance of exhaustion of remedies. Because the individual complainants cannot

assure themselves that the administrative process will reach a decision on their

complaints within a reasonable time, it makes little sense to require exhaustions.' ")

(quoting *Cannon v. Univ. of Chicago*, 44 l U.S. 677, 706-08 n. 41 (1979)). Second,

where complainants are not required to exhaust their administrative remedies prior

to bringing suit, the U.S. Supreme Court has held that the statute of limitations is not

 tolled, even if the complainant chose to seek optional administrative remedies. See

---

[4] (Plt's Compl. ¶¶ 144-149, ECF No. 1, PageID.32-36).

*Delaware State College v. Ricks*, 449 U.S. 250,261; 101 S. Ct. 498 (1980) (holding a claim brought under 42 U.S.C. § 1981 untimely while refusing to toll the statute for a grievance procedure); *Johnson v. Railway Express Agency, Inc*., 421 U.S. 454, 460- 61; 95 S. Ct. 1716 (1975) (refusing to toll § 1981 statute of limitations even though a Title VII complaint was pending in the administrative agency). It is therefore well settled that Plaintiff did not have to wait for the exhaustion of her OCR complaints to file her Title VI claims.

Finally, as the U.S. Supreme Court made clear in *Pace v. DiGuglielmo*, 544 U.S. 408, 418; 125 S. Ct. 1807 (2005), a "petitioner" is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.  In this case, nothing prevented Plaintiff from filing her Title VI claims within three years from the date she filed her first and second OCR complaints alleging that she had been discriminated against based on her race when she was removed from the Women's basketball team and/or retaliated against for filing her initial OCR Complaint.  Plaintiff therefore cannot show that some "extraordinary circumstance" stood in her way and prevented her from timely filing her Title VI claims.

Based on the foregoing, Plaintiff is unable to carry her burden of establishing a fraudulent concealment claim. The undisputed fact that she filed OCR complaints on January 5, 2017 and February 20, 2017 alleging she had been discriminated

against based on her race and retaliated against show that she was aware of the existence of her race and retaliation claims at the latest by these two dates, but then sat on her rights for five years. Further, Plaintiff never attempts to explain how Defendants could possibly conceal claims from her that she had already asserted in her OCR complaints.  There is no such plausible explanation because it would be impossible to hide something from someone when they already possess the knowledge that is allegedly being hidden from them. The dismissal of Plaintiff's fraudulent concealment claim pursuant to Fed. R. Civ. P. 12(b)(6) is therefore warranted because it fails to state a claim upon which relief can be granted and/or excuses Plaintiffs admitted failure to file this lawsuit within the applicable statute of limitations period.

## V.    <u>CONCLUSION</u>

For each of the above stated reasons, Defendants respectfully request that this Honorable Court dismiss Plaintiffs Complaint in its entirety and award Defendants costs, attorney fees and such other relief as this Court deems just and equitable.

Respectfully submitted,

STARR, BUTLER, ALEXOPOULOS & STONER, PLLC

By: /s/ Alex L. Alexopoulos
    Alex L. Alexopoulos (P40547)
    Attorneys for Defendants Adrian College, Docking,
    the Board and Coach Morris
    20700 Civic Center Drive, Suite 290
    Southfield, Michigan 48076
    (248) 864-4931
    ala@starrbutler.com

Dated: April 12, 2022

## CERTIFICATE OF SERVICE

The undersigned says that on April 12, 2022, she has caused to be served a copy of *Defendants' Motion to Dismiss, Brief in Support of Motion and this Certificate of Service* via the Court's Electronic Court Filing system upon all attorneys of record.

I declare that the above statements are true and correct to the best of my knowledge, information and belief.

/s/ Kiersten Plane