UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARISSA COTTON

       Plaintiff,                           Case No. 4:22-cv-10358-SDD-CI

vs

                                   Hon. Stephanie Dawkins Davis

ADRIAN COLLEGE, ADRIAN COLLEGE
PRESIDENT and BOARD OF
TRUSTEES, KATHY MORRIS,
in her official and individual capacity, and
KATHERINE CRAWFORD, in her
individual capacity

       Jointly and Severally,

       Defendants.
_____/

RODNEY WILLIAMS (P47888)       Alex L. Alexopoulos (P40547)
Attorney for Plaintiff             Starr, Butler, Alexopoulos & Stoner
615 Griswold Street             Civic Center Dr., Ste. 290
Detroit, Michigan 48226         Southfield, MI 48076
313-309-7852                 (248) 864-4931
AttorneyRodneyWilliams@gmail.com   ala@starrbutler.com

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

TABLE OF CONTENTS

TABLE OF CONTENTS...........................................................................................i

TABLE OF AUTHORITIES ...............................................................................iii

INTRODUCTION AND FACTUAL BACKGROUND..........................................1

STANDARD OF REVIEW ...................................................................................2

ARGUMENT .........................................................................................................4

    I. Adrian College, et al Cannot Show that Plaintiff's Claims Against the College
    for its Role in Causing Her Removal is Time-Barred………………...…….6

      A.  Under the Federal Accrual Rule, Plaintiff's Claims Did Not Accrue Until
        2021……………………………………………………………….…..6

        1.  A Claim Does Not Accrue Until a Plaintiff Knows or Should Have Known
          of her Injury and the Defendant's Role in Causing that Injury
          …………………………………………………………………...6

        2.  Adrian Cannot Show that Plaintiff Knew or Should Have Known Before
          2021 that Adrian Facilitated Coach Morris Discriminatory Actions and
          Violation of School Policy. ……….……………………………………9

      B.  Adrian and Coach Morris Fraudulent Concealment Tolls the Statute of
        Limitations…………………………………………………………..10

    II.. Adrian Cannot Demonstrate that Plaintiff Claim of Deliberate Indifference to
    her Report of Removal is Time-Barred………….……………………12

CONCLUSION……………………………………………………………..12

# TABLE OF
# AUTHORITIES

**Page(s)**

**Cases**

*In re Arctic Express Inc.*,  636 F.3d 781 (6th Cir. 2011)…………………………... 5

*Bishop v. Children's Ctr. for Developmental Enrichment*,
618 F.3d 533 (6th Cir. 2010)………………………………………………….5

*Cataldo v. U.S. Steel Corp.*,
676 F.3d 542 (6th Cir. 2012) .............................................................…2

*City of Aurora, Colorado v. Bechtel Corp.*,
599 F.2d 382 (10th Cir. 1979) ...........................................…4

*Courtright v. City of Battle Creek*,
839 F.3d 513 (6th Cir. 2016) .......................................…...3

*Lutz v. Chesapeake Appalachia, L.L.C.*,
717 F.3d 459 (6th Cir. 2013) ...........................................…...3

*Nat'l Credit Union Admin. Bd. v. Jurcevic*,
867 F.3d 616 (6th Cir. 2017) ............................................ 8

*Piotrowski v. City of Houston*,
237 F.3d 567 (5th Cir. 2001) ..........................................…..6

*Piotrowski v. City of Houston*,
51 F.3d 512 (5th Cir. 1995) ...............................................9

*Ricco v. Potter*,
377 F.3d 599 (6th Cir. 2004) ..........................................…3

*Sowers v. Bradford Area Sch. Dist.*,
694 F. Supp. 125 (W.D. Pa. 1988)....................................……7

*T.R. v. Boy Scouts of Am.*,

181 P.3d 758 (Or. 2008) ............................................................... ......7

*Tackett v. Marion Cty. Fair Bd.*,
    272 F. Supp. 2d 686 (6th Cir. 2003)…………………………………… …..6

*United States v. Kubrick*,
    444 U.S. 111 (1979).................................................................... …..5

*Venture Glob. Eng'g, LLC v. Satyam Computer Servs., Ltd.*,
    730 F.3d 580 (6th Cir. 2013) ............................................................11

*Walburn v. Lockheed Martin Util. Servs., Inc.*,
    443 F. App'x 43 (6th Cir. 2011) .................................................……..2

Statutes

20 U.S.C. § 1681, *et seq*..............................................................................7

## INTRODUCTION AND
## FACTUAL BAKGROUND

The relevant facts of this motion are clear and undisputed. Plaintiff selected Adrian College  to start her college student-athlete journey because of Adrian's great academic programs and "home feeling" during her campus visit.

That upon her arrival to Adrian, Plaintiff made immediate contributions to its women's basketball program on the court. Every year, Plaintiff achieved personal basketball records in virtually every statistical category. As a result of her leadership on and off the court, at the beginning of the 2017 season Plaintiff received special honor when she was selected as one of the team's captains. Team captain was quite the honor as it is only given to those athletes whom the rest of the team respect and trust to lead the team in the right direction.

Plaintiff's stellar career was flawless until on or about  December 6, 2016, when Coach Morris, Head of the Women's Basketball program removed her from the team. That at no point during Plaintiff's conversation with Coach Morris did she provide her with a rationale for the removal.

As a result, Plaintiff was devastated and the expectation of completing her final year on Adrian's Women Basketball Team shattered. This unprovoked and abrupt action shocked not only Plaintiff and her family but also the entire Adrian Women's Basketball community (teammates, alumni, media, and fans). That after exhausting all her attempts to resolve this injustice within the Adrian system,

1

Plaintiff reluctantly filed a complaint with U.S. Department of Education Office of Civil Right (OCR) on January 5, 2017. Later, she then filed a second complaint against Adrian with OCR on February 20, 2017, alleging that Adrian retaliated against her for filing her original January 5, 2017, complaint. On September 9, 2021,  OCR completed its investigation surrounding both of the Plaintiff's complaints and determined that Defendants did not follow its internal process, in fact violated her due process when they removed her from the team. Over a month later on October 25, 2021, Adrian College sent the Plaintiff a letter admitting their violations. (*See Compl at 148 and Compl Ex. 5)*. Plaintiff filed this lawsuit on February 17, 2022. The Defendants move to dismiss is based on their argument that the statute of limitations expired.

## <u>STANDARD OF REVIEW</u>

Ordinarily, Rule 12(b)(6) is an "inappropriate vehicle for dismissing a claim based upon the statute of limitations" because "a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Dismissal is only warranted if "the allegations in the complaint affirmatively show that the claim is time-barred." Id.; see also *Walburn v. Lockheed Martin Util. Servs., Inc*., 443 F. App'x 43, 47 (6th Cir. 2011) (noting the facts must be "definitively ascertainable from the pleadings and conclusively establish the affirmative defense").

"Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run, and if the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013). To prove the statute of limitations has run, a defendant must establish when the plaintiff's claims accrued. See *Nat'l Credit Union Admin. Bd. v. Jurcevic,* 867 F.3d 616, 625 (6th Cir. 2017) ("It was [the defendant's] burden to show that the [plaintiff] should have discovered his fraudulent conduct before the relevant time period, not the [plaintiff's] burden to plead around the possibility.").

In reviewing a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 517 (6th Cir. 2016). The court must determine "whether the factual allegations present a plausible claim. For a claim to be considered plausible, the factual allegations "must be enough to raise a right to relief above the speculative level." This is a low bar. "[A] Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004).

3

## **ARGUMENT**

"To say to one who has been wronged, 'You had a remedy, but before the wrong was ascertainable to you, the law stripped you of your remedy,' makes a mockery of the law." *City of Aurora, Colorado v. Bechtel Corp*., 599 F.2d 382, 387-88 (10th Cir. 1979). The plaintiff here did not know she had been wronged by the Defendants failure to imply in school policy until September 9, 2021, when she received the results of the OCR investigation. It was only then that she learned that Adrian knew or should have known of Coach Morris' violation of school policy and hostile environment in its athletics program, and yet did nothing to stop it. In fact, Adrian acknowledged this fact in a letter to Plaintiff on October 25, 2021. It was only in 2021, therefore, that the Plaintiff Title VI claims against the college accrued. And the three-year statute of limitations on those claims has nowhere near expired.

Furthermore, even if the plaintiff claims had accrued earlier, the statute of limitations should be equitably tolled because Coach Morris fraudulently concealed evidence of her violations and Adrian is liable in its own role right in facilitating the wrongful removal of the Plaintiff from the Women's Basketball Program.

To succeed on its motion to dismiss, Adrian would have to conclusively demonstrate that the Plaintiff  allegations itself affirmatively show that her claims

4

is time-barred. It cannot do. Having successfully concealed its violations for almost five years, the Defendants now claims that although its misconduct has finally been revealed—it's too late for the student it harmed  to do anything about it. The statute of limitations, the Defendants contends, has run. But that's not the law.

A "statute of limitations begins to run" only once a "reasonable person knows, or in the exercise of due diligence should have known, both his injury" *and* the defendant's role in causing that injury.  *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir.2010). After all, a plaintiff "cannot maintain an action before she knows she has one." *Id.* And, Plaintiff certainly did not know of Defendant Adrian's role in causing those violations to go undressed. The statute of limitations, therefore, did not begin to run until last year. And the Plaintiff's claims fall well within it. Plaintiff affidavit clearly demonstrates that she did her due diligence and made a number of attempts to uncover the status of her complaints to OCR but no information was available until their final report was completed. *(See Plaintiff Aff. attached as Exhibit 1)*

Motions to dismiss on statute of limitations grounds are rarely granted, for what each plaintiff knew—and what a reasonable plaintiff should have known— are "factual question[s]" ordinarily "reserved for the jury." *In re Arctic Express Inc.*, 636 F.3d 781, 802 (6th Cir. 2011). Dismissal may only be granted in the rare circumstance that the defendant can *conclusively* demonstrate—based on the

allegations in the complaint itself—that the claims are time-barred. Defendants

cannot do so here. Its motion to dismiss, therefore, should be denied.

I.    Defendants Cannot Show that Plaintiff's Claims Their Discrimination and
      failure to Follow College Policy  Causing Her Removal are Time-Barred.

      A.    Under the Federal Accrual Rule, Plaintiffs' Claims Did Not Accrue
            Until 2021

            1.    *A Claim Does Not Accrue Until a Plaintiff Knows or Should
                  Have Knownof his Injury and the Defendant's Role in Causing
                  that Injury.*

The question at the heart of Adrian's motion is when the three-year clock on

the plaintiff's Title VI claims began to run. The answer is governed by the federal

accrual rule. "The general federal rule is that the statute of limitations begins to run

when the reasonable person knows, or inthe exercise of due diligence should have

known, both his injury and the cause of that injury." *Bishop*, 618 F.3d at 536-37. In

other words, a statute of limitations does not begin running until the plaintiff knows

both of "(1) [t]he existence of the injury;" *and* (2) "the connection between the

injury and the defendant's actions." *Piotrowski v. City of Houston*, 237 F.3d 567,

576 (5th Cir. 2001); *see also United States v. Kubrick*, 444 U.S. 111, 122 (1979)

(statute of limitations in FederalTorts Claims Act action accrues once plaintiff

discovers both the fact of his injury and its cause);*Tackett v. Marion Cty. Fair Bd.*,

272 F. Supp. 2d 686, 689 (6th Cir. 2003) (applying *Kubrick's* two-pronged inquiry

to civil rights claims).

Here, there are two claims raised by Plaintiff: First, the Plaintiff claim that Adrian's creation of, and deliberate indifference to, the hostile environment that flourished within the school's athletic "substantially increased the risk" that the Plaintiff, and other Adrian students, would be  harassed or discriminated against. And second, Plaintiff claim Adrian knew that Coach Morris wrongfully removed her from the team yet did nothing to stop this harassment from continuing; and as a result of this deliberate indifference, the Plaintiff "was subjected to that discrimination by Coach Morris" that Adrian could have prevented if it had acted on Plaintiff concerns and performed an investigation.

Contrary to Defendants contention, neither of these claims necessarily accrued when the Plaintiff was removed from the team. They accrued when the Plaintiff (1) *knew* or should have known that she was not afforded due process through the school policy *and* (2) knew or should have known of Adrian's role in covering up that fact. *See Sowers v. Bradford Area Sch. Dist.*, 694 F. Supp. 125, 132 (W.D. Pa. 1988), *aff'd*, 869 F.2d 591 (3d Cir. 1989) (vacated on other grounds) (denying motion to dismiss on statute of limitations grounds because factual questions remained as to whether student knew or should have known school district caused student's injury); *T.R. v. Boy Scouts of Am.*, 181 P.3d 758, 763 (Or. 2008) ("[T]he limitations period begins to run as to each defendant when the plaintiff discovers, or a reasonable person should have discovered, that

defendant's causal role.") (emphasis added)

The question of what a Plaintiff knew, or should have known, is a fact-intensive inquiry ordinarily "reserved for the jury except when the facts are so clear that reasonable minds cannot differ." *In re Arctic Exp. Inc.*, 636 F.3d at 802. Thus the determination of when a cause of action accrues is to be decided by the trier of fact. And, on a motion to dismiss, the facts are limited to those pleaded in the complaint. Thus, to succeed on its motion, the Defendants must demonstrate that the allegations of the complaint affirmatively show that no reasonable juror could disagree with the contention that Plaintiff knew or should have known.

Adrian cannot meet this burden. The Plaintiff allege that, until the OCR investigation report was released, she did not know that Adrian or Coach Morris violated school policy at all—that Adrian's endorsement led her to believe Coach Morris had the authority to remove her from the team for any reason. And that Plaintiff allege that she did not know—and could not be expected to know—of Adrian's role in causing this harm. (*See Plaintiff Aff. Exhibit 1*)

Coach Morris capitalized on her role as a Women's Coach—to disguise her discriminatory act. And when team members would question why Plaintiff was terminated from the team—for example, Coach Morris always had a ready answer and even threatened to treat them the same if they would come forward.

2.      *Adrian Cannot Show that the Plaintiffs Knew or Should Have Known Before the OCR Investigation Report that Adrian Facilitated Coach Morris Discriminatory Actions and Violation of School Policy.*

Coach Morris intentional violated school policy. But Adrian made it possible. Adrian knew of, yet ignored, the hostile culture. Worse, it knew of, yet ignored—and, in fact, concealed and failed to investigate Plaintiff's complaints about Coach Morris. The school's deliberate indifference—and obfuscation— allowed Coach Morris to continue mislead the OCR investigators. But until 2021, the Plaintiff had no reason to know of Adrian's role in this discriminatory act. Plaintiff had no reason to believe that Adrian actually knew that its Coach violated school policy and could have stopped the violation before it became detrimental to the Plaintiff basketball career.

Furthermore, even if the Plaintiff did have a reason to file a lawsuit against Adrian's at the time, her efforts would have been futile. Adrian controlled access to information about the event and certainly based on Adrian's and Coach Morris' response to OCR inquiries makes clear that, when asked directly about Coach Morris authority to remove Plaintiff from the team, it would simply lie. *See also Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995) (statute of limitations tolled "[w]hen a defendant controls the facts surrounding causation such that a reasonable person could not obtain the information even with a diligent investigation").

It is clear that it would be improper at this early stage of litigation to dismiss this case as time barred. The issues of what should have alerted the Plaintiff to the possibility that Defendant Adrian played a role in Coach Morris' discrimination and violation of school policy, and whether an investigation by OCR would have disclosed Adrian's role, involve fact-intensive inquiries that are inappropriate for resolution on a motion to dismiss. *See In re Arctic Exp.*, 636 F.3d at 802.

B.     Adrian and Coach Morris Fraudulent Concealment Tolls the Statute of Limitations.

Even if the Plaintiff's claims against the Defendants for their role in causing her wrongful removal had accrued earlier, the statute of limitations nevertheless should be equitably tolled because the school engaged in a course of conduct designed to conceal evidence of Coach Morris' violation of school policy as well as their role in facilitating that violation. Plaintiff's explicitly in Count IV of her complaint identifies the bases for fraudulent concealment and incorporates that into this motion in opposition to dismiss. . *See Complaint at ¶¶ 140-149*.  As a result, Plaintiff's claims are subject to equitable tolling on fraudulent concealment grounds.

As explained above, the OCR investigative report and Adrian's subsequent letter to Plaintiff demonstrates that although Adrian knew that Coach Morris wrongfully removed Plaintiff from the women's basketball program, the school concealed and legitimized Coach Morris' conduct. Adrian employees ignored,

rebuffed, and even misled Plaintiff when she elevated the issue. All the while, Adrian promoted one of Coach Morris previous players to Assistant Women's Head Coach. Adrian knowingly constructed a façade of legitimacy for Coach Morris—that was wrong and made it impossible for Plaintiff to realize the true actions of the Defendants. In otherwords, Adrian and Coach Morris fraudulently concealed from the OCR investigators and the Plaintiff why the Plaintiff was wrongfully removed in the first place. *Cf. Lutz*, 717 F.3d at 475 (adequately pleaded fraudulent concealment by alleging energy companies concealed miscalculation of royalty payments); *Venture Glob. Eng'g, LLC v. Satyam Computer Servs., Ltd.*, 730 F.3d 580, 588 (6th Cir. 2013) (computer company concealed its own fraud).

Furthermore, Adrian concealed the fact that it knew Coach Morris was applying policy incorrectly yet failed to disclose or investigate—a failure that ensured that Coach Morris could continue to hide behind her illegal act. Indeed, Adrian actively lied to Plaintiff at least once, telling her that it would resolve the issue when, in fact, they did nothing.

The Sixth Circuit in *Gilley v Dunaway,* 52 F. App'x 303 (6th Cir 2004) recognized equitable tolling is appropriate when there's an "intent to conceal or an active effort to mislead." 572 F. App'x at 308. Evidence of an intent to conceal sufficient to support tolling. That's exactly the situation here: Adrian failed to

investigate incidents of discrimination by Coach Morris.

II.   Adrian Cannot Demonstrate that Plaintiff Claim of Deliberate Indifference to her Report of Discrimination is Time-Barred.

In addition to the claims against Adrian brought by the Plaintiff for its role in causing her harm, Plaintiff has an additional claim: She claims that, after Coach Morris removed her from the team, she complained to Adrian leadership, and the school was deliberately indifferent to her complaint. Adrian has not even attempted to demonstrate that this claim is time-barred. Nor could it. This claim, too, only accrued in 2021. And even if it had accrued earlier, the statute of limitations should be tolled based on fraudulent concealment and equitable estoppel.

## CONCLUSION

For years, Adrian College knew that Coach Morris head of its Women's Basketball program violated the Plaintiff civil rights as a student athlete and did nothing. Worse than nothing—the school along with Coach Morris concealed the truth from OCR and empowered Coach Morris to lie to the OCR investigators. It was only last year after receiving the findings from the OCR investigation did the Plaintiff uncover the true magnitude of Coach Morris actions for what it was. And it was only that year that the Plaintiff was able to begin discerning Adrian's role in causing her pain and suffering. Thus, the Plaintiff's claims are timely. The Defendants has failed to demonstrate otherwise. This Court, therefore, should deny Defendants motion to dismiss.

Respectfully submitted,


___*/s/ Rodney Williams*_____
RODNEY WILLIAMS (P47888)
615 Griswold Street
Suite 700
Detroit, Michigan 48226
313-309-7852
E-Mail:
attorneyrodneywilliams@gmail.com

Attorney for Plaintiff

13

## **CERTIFICATE OF**
## **SERVICE**

A copy of this document was served by the Court's ECF System on all

counsel of recordon May 2, 2022, pursuant to Fed. R. Civ. P. 5(b)(2)(E).


      */s/ Rodney Williams*
      RODNEY WILLIAMS (P47888)