UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARISSA COTTON, | Case No.: 22-10358 |
| Plaintiff, | Judith E. Levy |
| v. | United States District Judge |
| ADRIAN COLLEGE, *et al.*, | Curtis Ivy, Jr. |
| Defendants. | United States Magistrate Judge |

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (ECF No. 8)

### I.  PROCEDURAL HISTORY

Plaintiff Marissa Cotton filed this civil rights case against Adrian College, the Adrian College Board of Trustees, Kathy Morris, and Katherine Crawford on February 17, 2022.  (ECF No. 1).  Defendants Adrian College, the Adrian College Board of Trustees, and Kathy Morris ("Defendants") moved to dismiss alleging Plaintiff's claims are time-barred.  (ECF No. 8).  Plaintiff responded (ECF No. 9) and Defendants replied (ECF No. 10).  The motion was referred to the undersigned for Report and Recommendation.  (ECF No. 11).  The motion is fully briefed and ready for Report and Recommendation.

For the reasons discussed below, the undersigned **RECOMMENDS** that Defendants' motion to dismiss (ECF No. 8) be **GRANTED** and Plaintiff's claims

against Defendants Adrian College, the Adrian College Board of Trustees, and Kathy Morris be **DISMISSED**.

## II.     COMPLAINT ALLEGATIONS

Plaintiff was a member of the Adrian College Women's Basketball Team. (ECF No. 1, PageID.2, ¶ 1). On December 6, 2016, Kathy Morris, the Women's Basketball Head Coach, removed Plaintiff from the basketball team. (*Id*. at PageID.7, ¶ 27). Plaintiff claims Coach Morris did not provide rationale for removing her. (*Id*. at ¶ 28). Plaintiff was the only Black senior and co-captain at the time of the removal. Plaintiff claims she was treated differently than white teammates. (*Id*. at PageID.8, ¶¶34-36).

After the Athletic Director failed to conduct an independent investigation upon Plaintiff's request, Plaintiff and her parents met with the Vice President of Adrian College, Frank Hribar. Mr. Hribar admitted that an investigation should have occurred before Plaintiff's removal. He also explained that Plaintiff should have been reinstated like similarly situated White athletes had been before. (*Id*. at PageID.9-10, ¶¶ 39-45).

After weeks of no movement, Plaintiff sent Adrian College President Jeffery Docking a letter seeking final resolution, but Plaintiff received no response. (*Id*. at PageID.10, ¶ 46). On January 5, 2017, Plaintiff filed a complaint with the Department of Education Office of Civil Rights ("OCR") alleging she was

removed from the basketball team because of her race. (*Id.* at ¶ 47). Five weeks after filing her OCR complaint, Plaintiff discovered Katherine Crawford, Plaintiff's former teammate, filed a Personal Protection Order ("PPO") and Notice of No-Contact against her. (*Id*. at PageID.11, ¶¶ 52-53). Plaintiff alleges the Notice of No-Contact was issued with no investigation in violation of Adrian college policies, because the school believed a White student's allegations against her Black teammate. (*Id*. at PageID.12-13, ¶¶ 54-55). Though the PPO was denied for insufficient evidence, Plaintiff alleges Defendants discouraged her teammates and roommates from appearing as witnesses at the hearing. (*Id*. at PageID.14, ¶ 60).

After graduating from Adrian College, Ms. Crawford was chosen as an assistant coach to Coach Morris. (*Id.* at PageID.16, ¶ 68). Plaintiff believes the PPO and Notice of No-Contact were filed to discredit Plaintiff while the OCR complaint was pending. (*Id*. at PageID.15, ¶ 65). Plaintiff also contends the PPO and Notice of No-Contact were intentional acts of retaliation for filing the OCR complaint. (*Id.* at PageID.16, ¶ 69). Thus, Plaintiff filed a second OCR complaint on February 20, 2017, alleging Adrian retaliated against her for filing her original OCR complaint by issuing the No-Contact and threatening punishment. (*Id.* at ¶ 70).

On September 9, 2021, OCR issued a disposition letter for both of her complaints. Plaintiff contends the letter revealed Adrian's failure to follow its own athletic disciplinary and code of conduct policies. The OCR investigator also revealed that Adrian College and Coach Morris failed to follow Title VI. Adrian College submitted an agreement to resolve the allegations in the complaint, so OCR closed the investigation. (*Id.* at PageID.17, ¶¶ 73-77). As part of the agreement, Adrian College agreed to provide Title VI training to staff, and issue a letter to Plaintiff acknowledging they did not follow internal policies in removing her from the team. (*Id*. at PageID.17-18 ¶¶ 78-79).

Plaintiff seeks damages for violations of Title VI of the Civil Rights Act of 1964 for discrimination, retaliation, hostile environment, and failure to supervise. (*Id.* at PageID.18-30). Plaintiff also seeks damages for fraudulent concealment. (*Id.* at PageID.31-36).

### III. ANALYSIS

#### A. Standard of Review

When deciding a motion to dismiss under Rule 12(b)(6), the Court should "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Plaintiffs fail to state a claim under Fed. R. Civ. P. 12(b)(6), if the allegations in the complaint "affirmatively show" that the claims are time-barred. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Expiration of the statute of limitations is an affirmative defense. *Id.* Defendants have the burden to show the statute of limitations has expired. That said, if a defendant shows the statute of limitations has expired, the burden shifts to the plaintiff to establish an exception to the statute of limitations. *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013).

5

The parties agree Michigan has a three-year statute of limitations for Title VI and 42 U.S.C. § 1983 claims. *Caulker v. Michigan State Univ.*, 2009 WL 3644778, at *8 (W.D. Mich. Nov. 2, 2009); (ECF No. 8, PageID.83); (ECF No. 9, PageID.124). Though state law sets the statutory period, the question of when the statutory period begins to run is based on federal law. Generally, a claim accrues when "the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury." *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010) (citing *Campbell v. Grand Trunk W. R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)).

B. Discussion

Defendants argue Plaintiff's Title VI claims are time-barred because the clock began to run on her race discrimination claim once she was removed from the basketball team on December 6, 2016. Since Plaintiff did not sue until February 17, 2022, over five years later, her race discrimination claim is time-barred. Plaintiff's retaliation claim is also time-barred, as that clock began to run once she received the Notice of No-Contact on February 15, 2017. (ECF No. 8, PageID.84). Defendants contend Plaintiff failed to plead a valid fraudulent concealment claim, so it does not excuse her time-barred Title VI claims and Plaintiff's claims against Defendants should be dismissed. (*Id.* at PageID.85).

Plaintiff argues her Title VI claim accrued when she knew or should have

6

known she was not afforded due process in her removal and Adrian's role in covering up that fact. (ECF No. 9, PageID.127). Even if Plaintiff's Title VI claims are time-barred, Plaintiff contends her fraudulent concealment claim tolls the statute of limitations. (*Id*. at PageID.130). Plaintiff also notes that Defendants failed to show her deliberate indifference claim was time-barred, and even if it were, that deadline is also tolled. (*Id*. at PageID.132). Defendants reiterate their arguments in reply. (ECF No. 10).

   1. Statute of Limitations on Title VI Claims

The statute of limitations on Plaintiff's Title VI claims expired before she sued in 2022. Since the parties agree Michigan has a three-year statute of limitations for Plaintiff's claims, when this three-year clock began to run is the operative question. (ECF No. 8, PageID.83); (ECF No. 9, PageID.124). Plaintiff's clock began to run once she was aware of her injury and the cause of her injury. *Bishop*, 618 F.3d at 536.

   a. Title VI Racial Discrimination Claim

Accepting all Plaintiff's allegations as true, her Title VI race discrimination claim accrued on January 5, 2017. On January 5, 2017, Plaintiff filed a complaint with the OCR alleging that she was removed from the women's basketball team because of her race. (ECF No. 1-3, PageID.44). Thus, the clock on her race discrimination claim began to run then, as Plaintiff knew her injury—removal from

7

the basketball team, and the cause of her injury—racial discrimination at Adrian College. *Bishop*, 618 F.3d at 536-37 (statute of limitations accrued when plaintiff was expelled because of alleged discrimination, despite administrative remedies, because relief available at injury).

Even if, as Plaintiff argues, the statute of limitations did not start to accrue until she discovered Defendants violated school policy, that clock began to run before she filed the OCR complaint. Plaintiff admits she discovered her removal violated school policy before filing the OCR complaint. Plaintiff met with Vice President of Adrian College, Frank Hribar before filing the OCR complaint. Plaintiff alleges Mr. Hribar admitted that an investigation should have occurred, and Plaintiff should have been reinstated to the team. (ECF No. 1, PageID.9-10, ¶¶ 39-45).

Even still, Plaintiff's injury, as she pleads, was her removal from the team because of racism and the school's inaction after, which she formally complained about as early as January 2017. Thus, her Title VI race discrimination claim accrued in January 2017. *Bishop*, 618 F.3d at 536. Since Plaintiff filed this claim in February 2022, more than five years later, this claim is time-barred and should be dismissed against Defendants.

  b. Title VI Retaliation, Hostile Environment, and Failure to Supervise Claims

8

Plaintiff's retaliation, hostile environment, and failure to supervise claims are also time-barred. On February 20, 2017, Plaintiff filed a second complaint with the OCR alleging Adrian College retaliated against her for filing her first OCR compliant by issuing a sanction letter that threatened suspension or expulsion from Adrian. (ECF No. 1-3, PageID.44). This OCR complaint shows that Plaintiff knew her injury—threat of punishment after filing her OCR complaint, and the cause of her injury—Adrian College's attempt to intimidate her and invalidate her claims. *Bishop*, 618 F.3d at 536. Plaintiff's retaliation and hostile environment claim accrued after she knew she was the victim of retaliation, February 20, 2017.

The failure to supervise claim is also time-barred. Plaintiff alleges Adrian's failure to properly investigate her claims and prevent racism on campus amount to deliberate indifference to their responsibilities under the Civil Rights Act of 1964. (ECF No 1, PageID.27-30, ¶¶ 126-139). As discussed above, Adrian's failure to investigate Plaintiff's allegations prompted her first OCR complaint. (*Id*. at PageID.10, ¶ 47). Their failure to curtail attempts to retaliate and intimidate her prompted Plaintiff to file a second OCR complaint. (*Id*. at PageID.16, ¶ 70). Thus, the latest Plaintiff was aware of Adrian's failure to supervise employees was February 2017, when she officially complained about Adrian's failure to supervise to the Department of Education. Plaintiff's failure to supervise claim is also time-barred.

2. Equitable Tolling Through Plaintiff's Fraudulent Concealment Claim

Though Plaintiff's Title VI claims against Defendants are time-barred, if Defendants fraudulently concealed evidence that prevented Plaintiff from discovering facts to support her claims, the statute of limitations may be tolled. *Lutz*, 717 F.3d at 474-75. To plead a fraudulent concealment claim under Fed. R. Civ. P. 9(b), Plaintiff must prove: "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Stradley v. Corizon Health Care Provider*, 2017 WL 2874740, at *3-4 (E.D. Mich. July 6, 2017) (citations omitted). Yet tolling may not be appropriate if Plaintiff was "'aware of facts that should have aroused [her] suspicion of the claims.'" *Id*. (quoting *Anderson v. Bd. of Educ. of Fayette Cty.*, 616 F. Supp. 2d 662, 671 (E.D. Ky. 2009)). In Michigan, fraudulent concealment applies if the person who may be liable, "fraudulently conceals the existence of the claim." Mich. Comp. Laws Ann. § 600.5855 (West).

Plaintiff fails to plead a valid fraudulent concealment claim, because she discovered facts necessary to bring her Title VI claims as early as February 2017. Plaintiff filed her first OCR complaint against Adrian College on January 5, 2017, alleging she was removed from the women's basketball team because of her race. She filed the second OCR complaint on February 20, 2017, alleging Defendants

10

retaliated against her for filing her first complaint. (ECF No. 1-3, PageID.44). In *Lutz*, plaintiffs sufficiently pleaded fraudulent concealment could equitably toll their claims because deliberately miscalculated royalty payments shielded plaintiffs from discovering fraud before the statute of limitations expired. *Lutz*, 717 F.3d at 475-76. Unlike the plaintiffs in *Lutz*, here Plaintiff's OCR complaints show she had the information necessary to file discriminations claims against Defendants with Department of Education as early as January and February 2017, well before the statutory period expired. (ECF No. 1-3, PageID.44).

Even if, as Plaintiff pleads, Defendants successfully concealed that Coach Morris violated internal policies and Defendants intentionally delayed the OCR investigation, this would not toll the statute of limitations on Plaintiff's Title VI claims. (ECF No. 1, PageID.31-36). The "details" of Defendants' alleged discrimination are irrelevant, so long as plaintiff had the information "necessary to bring a claim." *Stradley*, 2017 WL 2874740, at *4 (rejecting fraudulent concealment theory even if defendants concealed the details of plaintiff's injury, because plaintiff had "all facts necessary" to bring deliberate indifference claim). Defendants did not conceal the "the existence" of Title VI discrimination and retaliation claims, because Plaintiff presented evidence supporting such claims in January and February 2017. Mich. Comp. Laws Ann. § 600.5855; (ECF No. 1-3,

11

PageID.44). Plaintiff failed to plead a valid fraudulent concealment claim, so this claim also fails. The statute of limitations on her Title VI claims are not tolled.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' motion to dismiss (ECF No. 8) be **GRANTED** and Plaintiff's claims against Defendants Adrian College, the Adrian College Board of Trustees, and Kathy Morris be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

| | |
|---|---|
| Date:  October 20, 2022 | s/Curtis Ivy, Jr.<br>Curtis Ivy, Jr.<br>United States Magistrate Judge |