# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Marissa Cotton,

               Plaintiff,

v.

Adrian College, Adrian College
President and Board of Trustees,
Kathy Morris *in her official and
individual capacity*, and Katherine
Crawford *in her individual
capacity*,

               Defendants.

_____/

Case No. 22-cv-10358

Judith E. Levy
United States District Judge

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [12], GRANTING MOTION TO DISMISS [8], AND DENYING OBJECTIONS [13] AND ORDERING SHOW CAUSE AS TO DEFENDANT CRAWFORD

On October 10, 2022, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants Adrian College, Adrian College Board of Trustees, and Kathy Morris' (together, the moving Defendants) motion to dismiss (ECF No. 8). (ECF No. 12.) On November 3, 2022, Plaintiff filed two timely objections. (ECF No. 13.) The moving Defendants responded to the objections. (ECF No. 14.)

For the reasons set forth below, Plaintiff's objections are overruled and the R&R is adopted. Accordingly, the moving Defendants' motion to dismiss is granted.

## I.   Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and found it to be accurate and thorough. (ECF No. 12, PageID.149–152.)

## II.   Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v.*

2

*Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, Plaintiff's objections must be clear and specific so that the Court can squarely address them on the merits. *See Pearce*, 893 F. 3d at 346.

## III.   Analysis

### A. Objection No. 1

Plaintiff first argues that the Magistrate Judge erred when he concluded that Plaintiff had knowledge of moving Defendants' school policy violation before she filed her complaints with the Department of Education Office of Civil Rights ("OCR"). (ECF No. 13, PageID.164.) Rather, Plaintiff argues in her objection (as she did in her response to moving Defendants' motion to dismiss) that she did not discover the

3

potential for a lawsuit until after the OCR provided a response to her complaints in September 2021. (*Id*. at PageID.165–166.)

The OCR states on its website that it "has the authority to investigate complaints claiming a covered entity[1] discriminated based on: race . . ." https://www2.ed.gov/about/offices/list/ocr/complaintintro.html (https://perma.cc/RWU3-SQUJ). The OCR website instructs "If you believe you have been discriminated or retaliated against on any of these bases by a covered entity, you may file a complaint." *Id*. Accordingly, before an individual files an OCR complaint, they must at least believe that they have been discriminated or retaliated against by a covered entity.

Here, Plaintiff knew when she was dismissed from the basketball team on December 6, 2016 that she "was the only Black senior and co-captain on the team," and that "no other seniors (4 white teammates) or co-captains (4 white co-captains) were removed." (ECF No. 1, PageID.8.) Armed with this knowledge, she was "[u]nsatisfied with Coach Morris[']

---

[1] The OCR defines a "covered entity" as "all public and private programs that receive Federal funds from the U.S. Department of Education." https://www2.ed.gov/about/offices/list/ocr/complaintintro.html (https://perma.cc/RWU3-SQUJ).

[stated] reason for her removal,"[2] so she requested that the college Athletic Director "conduct an independent investigation." (*Id.* at PageID.9.) When she was disappointed in the Athletic Director's non-responsiveness, she contacted the Vice President of the college, who "communicated that since [Plaintiff] was a stellar senior and dedicated her entire collegiate experience to the varsity basketball team, she should receive the same treatment as [a] white female hockey player." The white female hockey player was described as a student who was in a "similar situation" as Plaintiff because she had been removed from her team without an investigation and then was immediately reinstated. (*Id.*) Even this discussion with the Vice President did not bring about the result Plaintiff sought. Thus, "after exhausting all her attempts to resolve this injustice within the Adrian system, [Plaintiff] reluctantly filed a complaint with the U.S. Department of Education Office of Civil Right[s] (OCR) on January 5, 2017. [Plaintiff] alleged that Adrian removed her from the women's basketball team based on her race." (*Id.* at PageID.10.)

---

[2] Plaintiff's complaint states that Coach Morris did not give a reason for Plaintiff's removal at first. Later, after an "uproar by teammates," Coach Morris stated that the reason was the "team was moving in a different direction." (ECF No. 1, PageID.7–8.)

Based on the set of facts Plaintiff sets forth in her complaint, she was almost immediately suspicious that the reasons for her removal from the team were racially motivated. Her concerns regarding her coach's motivations increased after the coach failed to clarify the reasons for Plaintiff's removal. This is why Plaintiff sought an independent investigation from the Athletic Director. When her concerns were still not satisfied, she then went to the Vice President of the college. There, she learned about the "similar situation" with the white female hockey player, who was reinstated to her team. (*Id.* at PageID.9.) Plaintiff's complaint states that it was after the meeting with the Vice President that she believed that she was removed from the team "based on her race." (*Id.* at PageID.10.) When the meeting with the Vice President did not bring about a satisfactory result, Plaintiff filed her OCR complaint on January 5, 2017. As set forth above, the whole purpose of filing an OCR complaint is to obtain relief where a claimant believes they have been discriminated or retaliated against. Accordingly, Plaintiff had knowledge of the alleged discrimination by January 5, 2017, at the latest.

Plaintiff also alleges retaliation under Title VI. Five weeks after filing her January 5, 2017 OCR complaint, she was served with a

6

Personal Protection Order ("PPO") and Notice of No Contact that one of Plaintiff's former teammates obtained against her. (*Id.* at PageID.11.) For the reasons stated in her complaint, Plaintiff believed that the PPO was retaliatory for filing the OCR complaint. Plaintiff filed a second OCR complaint on February 20, 2017 alleging retaliation. It is clear that Plaintiff had knowledge of the alleged retaliation by February 20, 2017, at the latest.

Title VI does not contain its own statute of limitations. Rather it borrows from the state's personal injury statute of limitations. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 2006). The parties do not dispute that Michigan's statute of limitations for Plaintiffs' claim under Title VI is three years. *See Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (citing Mich. Comp. Laws. § 600.5805(10).) (*See* ECF No. 8, PageID.83 (setting forth the statute of limitations as "three years"); *and see* ECF No. 9, PageID.124 (setting forth the "three-year statute of limitations").)

Therefore, the statute of limitations on Plaintiff's discrimination and retaliation claims under Title VI expired on January 5, 2020 and

February 20, 2020, respectively. Plaintiff's February 17, 2022 Complaint was filed after the statute of limitations expired.

Plaintiff's opposition to Defendants' motion to dismiss and her first objection argue that she did not know, and could not have known, that she had a potential discrimination and retaliation claim until she received a response to her two OCR complaints. She received the OCR response on September 9, 2021. This argument is not based upon the facts Plaintiff alleges.

Moreover, the OCR's determination has no bearing on whether a plaintiff can bring or state a claim in federal court under Title VI. The OCR's investigation involves OCR's own enforcement of its laws, and is not a precondition to filing suit in federal court. The OCR investigates only "whether *OCR* has the legal authority to investigate the complaint; that is, whether the complaint alleges a violation of any of the laws OCR enforces."    https://www2.ed.gov/about/offices/list/ocr/complaints-how.html (https://perma.cc/LV9W-MUTM) (emphasis added). Nor is the

OCR process a prerequisite or condition to *a claimant* filing a discrimination lawsuit against an academic institution.[3]

Plaintiff also brought fraudulent concealment claims against the moving Defendants. (ECF No. 1, PageID.31.) Fraudulent concealment can toll the accrual of the statute of limitations. *See* Mich. Comp. Laws § 600.5805(10). Plaintiff argues that the moving Defendants concealed their discrimination and retaliation and she did not learn of either until after the OCR issued its response letter in September 2021. However, as set forth above, Plaintiff already had the facts that she needed to file a discrimination and retaliation lawsuit under Title VI beginning on January 5, 2017 and February 20, 2017, respectively. Accordingly, the R&R correctly found that the statute of limitations bars Plaintiff's complaint and Plaintiff's first objection is overruled.

---

[3] The cases Plaintiff cites in her opposition to Defendants' motion to dismiss involve dissimilar laws. For example, she cites a case regarding when the statute of limitations accrues under the Federal Torts Claims Act ("FTCA"). (*See* ECF No. 9, PageID.126.) In cases brought under the FTCA, there is a notice requirement before the lawsuit may be filed. 28 U.S.C. §§ 2671–2680. This is not an FTCA case. Similarly, this is not an employment discrimination case. In such cases, an employee bringing a discrimination lawsuit against their employer must first file a complaint with the Equal Employment Opportunity Commission before filing suit in federal court. *See Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998). Neither U.S. Department of Education policy nor Title VI contain similar prerequisites to an individual filing a lawsuit against a covered entity.

## B. Objection 2

Plaintiff's second objection is to the Magistrate Judge's denial of Plaintiff's argument that the statute of limitations was tolled due to the Defendants' fraudulent concealment. (ECF No. 13, PageID.166.) In her objection, Plaintiff argues that she "pled with specificity" that the moving Defendants "conceal[ed] [their] wrongdoing." (*Id.*) Accordingly, she adequately "demonstrated that the running of the period of limitations should be tolled." (*Id.*) For the reasons set forth above, this objection does not have merit.

Moreover, Plaintiff's objection presents arguments she already presented to the Magistrate Judge. In Plaintiff's response to moving Defendants' motion to dismiss, she set forth the reasons why she believed that the moving Defendants concealed their alleged violation of school policy. (See ECF No. 9, PageID.130–132.) A re-hash of the same arguments made to the magistrate judge, without identifying a legal error or other basis for the objection, is not a proper objection. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72(d)(1). Accordingly, Plaintiff's second objection is overruled.

10

## C. Show Cause Regarding Defendant Katherine Crawford

A summons was issued for Defendant Katherine Crawford on February 18, 2022. Plaintiff has not filed a proof of service for Defendant Crawford,[4] though it has been over 13 months since the lawsuit was filed. Under Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff is ordered to show cause in writing why the action should not be dismissed against Defendant Crawford for lack of service. Plaintiff's response to this show cause Order is due by April 7, 2023. Failure to file a response by April 7, 2023 will result in sanctions, including the dismissal of Defendant Crawford.

## IV.   Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's R&R. (ECF No. 12.) Moving Defendants' motion to dismiss (ECF

---

[4] Ms. Crawford is not represented by the same attorneys as the moving Defendants. (*See* ECF No. 6.)

11

No. 8) is GRANTED and Plaintiff's objections (ECF No. 13) are overruled.

Plaintiff's show cause response as to Defendant Crawford is due by April 7, 2023.

IT IS SO ORDERED.

Dated: March 28, 2023                  s/Judith E. Levy
Ann Arbor, Michigan                    JUDITH E. LEVY
                                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 28, 2023.

                                       s/William Barkholz
                                       Case Manager